IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE GREAT SEAL MOORISH SCIENCE | : | CIVIL ACTION |
| TEMPLE OF AMERICA, INC., et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF NEW JERSEY; ASBURY PARK | : | |
| POLICE DEPARTMENT; SGT. JOHN | : | |
| BROYLES; OFFICER JOSEPH P. SPALLINA; | : | |
| OFFICER JOHN P. SOSDIAN III; PATRICIA | : | |
| GREEN, COURT CLERK, WALL TWSP. | : | |
| POLICE DEPARTMENT; SGT. LANCELOTTI; | : | |
| SGT. BROCKLEY; JIM'S TOWING; | : | |
| RICHARD'S AUTO BODY, et al., | : | |
| Defendants. | : | NO. 05-cv-345 |

**MEMORANDUM AND ORDER**

SEPTEMBER 28, 2005

PRATTER, DISTRICT JUDGE

I. FACTUAL BACKGROUND

The Great Seal Moorish Science Temple of America, Inc.,[1] and other related entities (the

---

[1] The Moorish Science Temple of America was founded by Timothy Drew, a/k/a Noble Drew Ali, in 1913. See http://www.sevensealspublications.com/56611.html. The Moor members of Plaintiff the Great Seal Seven appear to be followers of Drew's teachings. Drew preached that all African-Americans are of Moorish descent and thus are not citizens of the United States. See United States v. James, 328 F.3d 953, 954 (7th Cir. 2003). Drew instructed his followers that all "Moorish Americans" must carry a "Moorish passport" bearing one's "real" name, which was often created fictitiously by adding names that Drew claimed corresponded to the three ancient Moroccan tribes, "Ali," "Bey," or "El," to one's given birth name. See United States v. Darden, 70 F. 3d 1507, 1517 (8th Cir. 1995).

The Moors claim certain rights as a result of the Treaty of Peace and Friendship of 1786, entered into by the United States of America and the Kingdom of Morocco (the "Treaty"). According to the Moors, the Treaty subjects them only to the laws of Morocco, including the taxing provisions. Moreover, the Moors do not believe that African Americans are technically citizens of the United States within the meaning of the United States Constitution as a result of many of the Moors' predecessors being brought to the United States as slaves. Thus, they contend that descendants of slaves are not subject to the laws established pursuant to the Constitution. See http://www.thenationofmorrish-americans.org/bey.htm. Moors also believe that the Dred Scott decision (Scott v.

"Moors") filed the present civil action against various defendants, *inter alia*, the State of New Jersey, the Asbury Park Police Department, including individual members of the Police Department (hereinafter, collectively, the "Asbury Defendants"), and the Wall Township Police Department, including members of the Police Department (hereinafter, collectively, the "Wall Defendants"), arising out of incidents that allegedly occurred between some of the Defendants and an individual or individuals belonging to the Moors organizations representing the Plaintiffs here. The Moors' Complaint is extremely vague and the exact causes of action for which the Moors seek relief is unclear.[2] Essentially, the Complaint makes no logical sense, inasmuch as it is a random rendition bordering on a mish-mosh of legalese turned into meaningless meanderings.

The allegations in the Complaint seem to stem from the impounding of a vehicle allegedly owned by an individual with the given name of Lee Shawn Crodup, a/k/a "Lord Noble Nature El Bey." While the Complaint fails to comport with anything approaching standard pleading procedures and contains no references to an individual plaintiff or discrete actions

---

Sanford, 60 U.S. 393 (1857)) stands for the proposition that African-Americans are not citizens of the United States and thus the duties of citizens, including abiding by the laws of the United States and paying taxes, do not apply to African-Americans. See id; see also, James, 328 F.3d at 954 (where the defendant offered a defense that his ancestors came from Africa, thus, he was a Moorish national required to obey only those laws mentioned in the Treaty).

      Recently, within the jurisdiction of this circuit, Moors adherents have been convicted of creating fictitious money orders and checks that were purportedly authorized by the Department of the Treasury and the Department of Transportation. See, e.g., U.S. v. Waalee, 133 Fed. Appx. 819 (3d Cir. May 17, 2005)(defendant convicted of trying to pass fake Department of Treasury checks for $25 million); United States v. Harris, 332 F. Supp. 2d. 692 (D.N.J. 2004) (defendants in southern New Jersey created thousands of fictitious money orders for more than $50 million in alleged scam victimizing banks, utilities, lenders and a casino); see also, Shiffman and Wood, N.J. Jury Convicts Moors, Philadelphia Inquirer, July 2, 2004.

      [2]Unfortunately, all of the Moors' filings in this case are virtually unintelligible.

causing harm or damage, Plaintiffs appear to allege violations of federal law, among other things, violations of civil rights, racketeering, kidnaping, conspiracy and "high treason." Plaintiffs do identify each of the Defendants in the Complaint. From reading the Complaint, the Court can divine that each of the Defendants are citizens of the State of New Jersey and all of the actions alleged in the Complaint appear to refer to events occurring in localities within the State of New Jersey.

Asbury Park is a municipality within the State of New Jersey. Wall Township also is a municipality within the State of New Jersey. Because of the nearly unintelligible nature of the verbiage contained in the Complaint, the causes of action that the Moors attempt to bring or assert are not apparent. Nevertheless, it appears from the face of the Complaint and a plain reading of it that no Defendant is a citizen of Pennsylvania and none of the alleged acts took place within the Eastern District of Pennsylvania.

To initiate this litigation, the Moors filed a document entitled "Petition for Writ of Mandamus In Class Action" (hereinafter, the "Complaint"). (Docket No. 1). The Asbury Park Police Department thereafter filed a Motion to Dismiss. (Docket No. 2). Moor "Minister" Taj Tarik Bey filed a Motion in Opposition and Opposing Asbury Defendants's Motion to Dismiss. (Docket No. 5). Defendants Sosidian, Broyles and Spallina, all of whom are individual officers of the Asbury Park Police Department, filed a Motion to Join the Asbury Park Motion to Dismiss. (Docket No. 8). The Moors then filed a summary judgment motion with exhibits. (Docket No. 10). The Wall Defendants filed a Motion to Dismiss for Lack of Jurisdiction.

(Docket No. 12). Finally, the Moors filed "Amendment IX Complaint 'At Law'. " (Docket No. 14). Defendants have moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b). Now, it appears that the instant matter may be dismissed pursuant to Rule 12(b)(1), (3), and (6), as well as pursuant to 28 U.S.C. § 1915(e)(2) (dismissal for frivolity).

II. PROCEDURAL CHALLENGES TO THE COMPLAINT

Rule 12(b)(1) permits the Court to dismiss a claim for a lack of jurisdiction. Rule 12(b)(3) permits dismissal for improper venue. Rule 12(b)(6) permits the Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. Additionally, pursuant to 28 U.S.C. § 1915(e)(2) "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (I) is frivolous or malicious [and] (ii) fails to state a claim on which relief may be granted [. . .]."

III. DISCUSSION

The Moors brought suit against all Defendants in the Eastern District of Pennsylvania. From what the Court can divine from the Complaint, the Moors are attempting to allege violations of federal law. The Wall Defendants and the Asbury Defendants have filed a Motion To Dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(3). A defendant may assert improper venue in a motion to dismiss. Fed.R.Civ.P. 12(b)(3). All of the Defendants appear to be residents of (or a public entity in) the State of New Jersey. The Moors have presented no allegation that connects any of the Defendants or the actions about which they seem to complain

to any locale within the Commonwealth of Pennsylvania, let alone the Eastern District of Pennsylvania.

In a civil action where jurisdiction is not based on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b). Here, from what the Court can divine from the Moors' filings, they bring this action pursuant to federal question jurisdiction. The Moors have failed to state or respond to the Motion to Dismiss explaining why venue is proper in this court. Section 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, using the framework of Section 1391(b), it is clear that no defendant resides in this judicial district, (2) neither the events nor omissions giving rise to the allegations nor any property involved in the instant dispute occurred or exists within this judicial district and (3) none of the defendants can be found in this judicial district. Accordingly, venue is improper in the instant matter.

Plaintiffs' Complaint refers entirely to New Jersey actions and indicates that each of the named defendants are New Jersey residents or entities. Plaintiffs' Complaint is devoid of any factual or legal basis that connects it to Pennsylvania. Based on these uncontroverted considerations, all of which emanate from Plaintiff's own filings, Defendants have met their

burden of proving that venue is improper. See Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing Myers v. American Dental Association, 695 F.2d 716, 724 (3d Cir. 1982). The Court finds nothing in the Complaint to merit transfer to the District of New Jersey rather than outright dismissal of the action. Therefore, this matter shall be dismissed pursuant to Rule 12(b)(1), (3) and (6), 28 U.S.C. §1391(b) and 28 U.S.C. § 1406(a).

Because the Court has decided that it is without jurisdiction to hear the "merits" of the case, the Court declines to consider the Moors' Motion for Summary Judgment, which is as unintelligible as their other filings.

IV.  CONCLUSION

Venue is improper in this Court and in violation of 28 U.S.C. § 1391(b). There are no facts that would support finding either jurisdiction or venue in this Court. Additionally, the Moors' motion for summary judgment is denied inasmuch as it not only appears without merit, but because the language contained therein is unfocused and unintelligible. Finally, because the Complaint appears both frivolous, unintelligible and without merit, this entire matter is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

BY THE COURT:

/S/_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE GREAT SEAL MOORISH SCIENCE | : | CIVIL ACTION |
| TEMPLE OF AMERICA, INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| STATE OF NEW JERSEY; ASBURY PARK | : | |
| POLICE DEPARTMENT; SGT. JOHN | : | |
| BROYLES; OFFICER JOSEPH P. SPALLINA; | : | |
| OFFICER JOHN P. SOSDIAN III; PATRICIA | : | |
| GREEN, COURT CLERK, WALL TWSP.; | : | |
| POLICE DEPARTMENT; SGT. LANCELOTTI; | : | |
| SGT. BROCKLEY; JIM'S TOWING; | : | |
| RICHARD'S AUTO BODY; et al., | : | NO. 05-cv-345 |
| Defendants. | : | |

**O**RDER

SEPTEMBER 28, 2005

PRATTER, DISTRICT JUDGE

AND NOW, this 28th day of September, 2005, upon consideration of the Moors'"Petition for Writ of Mandamus In Class Action" (the "Complaint") (Docket No. 1), the Asbury Park Motion to Dismiss (Docket No. 2), Moor "Minister" Taj Tarik Bey's Motion in Opposition (Docket No. 5), Defendants Sosidian, Broyles and Spallina's Motion to Join the Asbury Park Motion to Dismiss (Docket No. 8), the Moors' Summary Judgment Motion with exhibits (Docket No. 10), the Wall Township Police Department, Sargent Lancelotti and Sargent Brockley's Motion to Dismiss for Lack of Jurisdiction, (Docket No. 12) and the Moors' "Amendment IX Complaint 'At Law' " (Docket No. 14), IT IS HEREBY ORDERED that

1.  The Moors' Summary Judgment Motion (Docket No. 10) is DENIED;

2.  The Motions to Dismiss (Docket Nos. 2, 5, 8, 12) are GRANTED;

-8-

3.   The Complaint (Docket No. 1) is DISMISSED with PREJUDICE and

4.   All remaining Motions are DISMISSED.

The Clerk shall mark this cased as CLOSED.

It is so ORDERED.

BY THE COURT:

/S/_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE